The appellant, Dan Jones, appeals from the revocation of his probation.
The appellant, while on probation, was arrested for the unlawful possession of cocaine. The appellant's probation officer recommended in a delinquency report that the court conduct a probation revocation hearing based on the circumstances surrounding the appellant's arrest.
At the hearing, the state presented evidence that police officers had executed a valid search warrant on the appellant's apartment and that as a result of the search they discovered crack cocaine and over $1500 in cash. The appellant was also present at the time of the search.
The court revoked the appellant's probation and, in the case action summary, wrote the following:
 "Comes now the Defendant before the Court with his attorney of record for a probation revocation hearing. The Court having heard the testimony and other evidence, finds that the defendant has violated his probation to wit: New Arrest — Possession of a Controlled Substance — Cocaine. Probation is hereby revoked, and the defendant is remanded to the custody of the Commissioner of the Department of Corrections for the term of his sentence. Defendant gave oral notice of appeal."
The appellant contends that the trial court did not comply with the minimum due process requirements of Morrissey v.Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(Ala. 1975); and Rule 27.6(f), Ala.R.Crim.P. Specifically, he argues that the trial court's revocation order was fatally insufficient in that it did not contain a written statement of the evidence relied upon and the reasons for the revocation.
 "In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, listed the following minimal requirements of due process when revoking probation:
 " ' "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." Morrissey v. Brewer, supra, [408 U.S.] at 489, 92 S.Ct. at 2604.'
"Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62."
Grimes v. State, 579 So.2d 693, 694 (Ala.Cr.App. 1991). (Emphasis added in Grimes.)
 "In Armstrong v. State, this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. *Page 772 
See Ex parte Lawrimore, 441 So.2d 122 (Ala. 1983). . . . This Court . . . continues to hold that Armstrong v. State requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama."
Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992).
In Wilson v. State, 659 So.2d 970, 971 (Ala.Cr.App. 1994), we held that the following probation revocation order in the case action summary did not meet the due process requirements ofMorrissey and Gagnon:
 "10-19-93: Defendant with attorney present came before the Court for final revocation hearing. Defendant denies guilt of charged violations of two new felony charges of distribution of controlled substance. Based on the testimony in open court, Defendant's probation revoked and 3-year sentence put into effect this day. Defendant advised of right to appeal. Defendant gives oral notice of appeal and enters motion for appeal bond. Appeal bond set at $10,000."
The order in this case is remarkably similar to theWilson order. It, too, does not comply with the due process requirements of Morrissey and Gagnon because the order does not state the evidence upon which the court relied in revoking the appellant's probation.
Furthermore, the reason stated in the order for the revocation of the appellant's probation was that the appellant had been arrested for the possession of cocaine. An arrest, as we have previously held, is not by itself a sufficient reason for revoking probation. Gates v. State, 629 So.2d 719
(Ala.Cr.App. 1993).
A review of the record reveals that the state presented evidence at the revocation hearing that the appellant was in possession of cocaine when he was arrested. If the court made a finding of fact, based on that evidence, that the appellant was, in fact, unlawfully in possession of cocaine, then such finding would be a sufficient ground on which to base the revocation of the appellant's probation if a written statement to that effect is made, as is required by the United States Supreme Court. The statement must also specifically state that the court relied on this ground to revoke the appellant's probation.
We must, therefore, remand this case to the Circuit Court for Baldwin County so that it may issue an order in compliance withMorrissey and Gagnon stating its reasons for revoking the appellant's probation and the evidence upon which it relied. A copy of the circuit court's order shall be filed with this court within 42 days.
REMANDED WITH DIRECTIONS.
All the Judges concur.