Charles Dale Norwood appeals from the revocation of his probation. Norwood pleaded guilty on October 8, 1996, to assault in the second degree. The court sentenced Norwood, as an habitual felony offender, to 15 years in prison; the sentence was suspended and Norwood was placed on probation for five years.
On April 27, 2000, a writ of arrest was issued for Norwood for a probation violation. On July 26, 2000, Norwood appeared before the trial court for a probation revocation hearing. The trial judge revoked Norwood's probation; he now appeals from the circuit court's order revoking his probation.
On appeal, Norwood contends (1) that the order revoking his probation was insufficient because it did not state the evidence relied upon and the reason for revoking probation; (2) that he was denied due process because he was not allowed to confront his accusers in this matter; (3) that he was never read the terms and conditions of probation and that he did not sign anything containing those terms; and (4) that the trial court did not have jurisdiction to impose a 15-year sentence, and subsequently to revoke probation in this same case, while he was on parole in another prior case. We agree that the trial court's order revoking probation is not sufficient, and we remand this case.
Norwood first claims that the written order did not comply with due-process requirements because, he says, it did not state the evidence upon which the *Page 1166 
court relied in revoking probation. Norwood raises this issue for the first time on appeal. The general rules of preservation apply to probation revocation proceedings. Puckett v. State, 680 So.2d 980, 983
(Ala.Crim.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081
(Ala.Crim.App. 1992). However, the question of the adequacy of a written order of revocation can be raised for the first time on appeal. Owens v.State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). In this case, the written order stated, in pertinent part:
 "On June 20, 2000, the Defendant appeared before this Court with his attorney, Chris Roberts, and after having been advised and being previously served with a written copy of the delinquency charges pending against him/her, knowingly and voluntarily entered a plea of not guilty to charges one and two contained in the delinquency report, to wit; #1 Violation of Condition #1 New Offense-Violation of Restraining Order and #2 Violation of Condition #7 New Offense-Criminal Trespass III. The Defendant came before this Court with his attorney, Gerald Hudson, on today's date for determination of his probation revocation. The Court heard testimony from Felicia Thomas both today and in an earlier hearing and Probation Officer Al Dowdy. Based thereon, the Court has considered the testimony and the arguments of the parties presented in this matter and finds that the Defendant has violated the terms and conditions of her/his probation separately and severely in that the Defendant has committed two new offenses, to wit; the Defendant violated a Restraining Order entered on the 5th day of April, 2000 and that he committed Criminal trespass in the Third Degree. . . ."
(C.R. 7.)
Before it can revoke probation, a trial court must provide a written order stating the evidence and the reasons relied on for the revocation.Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997), citing Gagnonv. Scarpelli, 411 U.S. 778 (1973), Armstrong v. State, 312 So.2d 620
(Ala. 1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992).
The trial court's written order in this case is insufficient. The trial court adequately stated its reasons for the revocation by stating that the court had considered the testimony and had found that the defendant had violated the terms of his probation by committing two new offenses. However, to the extent that it should recite what evidence the court relied upon to revoke the appellant's probation — i.e., the testimony of probation officer Al Dowdy and Felicia Thomas — the findings of the trial court are inadequate because the order fails to sufficiently specify the evidence it relied upon.
 "This court has consistently held that general recitations by the trial court that it considered the `testimony and arguments of counsel,' `testimony of the defendant,' `sworn testimony,' `testimony in open court,' are insufficient to satisfy the due process requirements of Armstrong."
McIntosh v. State, 762 So.2d 388, 390-91 (Ala.Crim.App. 1999) citingJames v. State, 729 So.2d 364 (Ala.Crim.App. 1998); Rutledge v. State,689 So.2d 1002 (Ala.Crim.App. 1996); Rivers v. State, 689 So.2d 990
(Ala.Crim.App. 1996); Jones v. State, 671 So.2d 770 (Ala.Crim.App. 1995). Because the trial judge's order states only that he relied on the testimony of Al Dowdy and Felicia Thomas, the order is insufficient, and we must remand the cause so that the court can specify the evidence on which it *Page 1167 
relied.[1]
The record reflects that the remainder of Norwood's claims are being raised for the first time on appeal. He did not assert these claims before or during the revocation hearing; thus, nothing has been preserved for appellate review. King v. State, 677 So.2d 1278, 1278-79
(Ala.Crim.App. 1996); Taylor v. State, 600 So.2d 1080 (Ala.Crim.App. 1992); Stallworth v. State, 690 So.2d 551, 553 (Ala.Crim.App. 1997).
We remand this cause to the trial court with directions that it make a written statement of the evidence it relied upon in revoking Norwood's probation. A copy of the trial court's statement shall be returned to this Court within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] In Trice v. State, 707 So.2d 294, 299 (Ala.Crim.App. 1997), this Court urged the Alabama Supreme Court "to modify its present requirement that a separate written order be entered when a transcript of the revocation hearing is available." We again urge the Alabama Supreme Court to reconsider its holding in Armstrong.