On November 8, 2001, Michael Nelson Murphy pleaded guilty to possession of marijuana and was sentenced to five years in prison. The trial court, however, suspended the sentence and placed Murphy on supervised probation for five years.
On May 20, 2002, a delinquency report was filed against Murphy, alleging generally that he had "violated the terms and conditions of the probationary sentence heretofore imposed upon him." (C. 6.) On June 25, 2002, the trial court conducted a hearing, at the end of which it revoked Murphy's probation. On July 2, 2002, it issued an order of revocation that stated, in pertinent part:
 "Included among those terms and conditions [of probation] was that [Murphy] must report to his probation officer as directed and that he not violate the criminal laws of any jurisdiction. While on probation, the Defendant failed to abide by the terms and conditions of his probation. On June 25, 2002, a hearing was held. After hearing testimony from Probation Officer Eugene Perry and Officer Paul Meynard[, the Court revoked] the Defendant's probation. . . . The Court is, therefore, reasonably satisfied that the Defendant violated the terms and conditions of his probation by failing to comply with the terms as ordered by the Court."
(C. 10.)
On appeal, Murphy argues that this cause is due to be remanded for the trial court to identify the specific grounds of the revocation and the evidence it relied upon.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erroneously failed to advise him of his right to request counsel during probation-revocation proceedings. Law v.State, 778 So.2d 249 (Ala.Crim.App. 2000).
 "This court has consistently held that general recitations by the trial court that it considered the `testimony and arguments of counsel,' `testimony of the defendant,' `sworn testimony,' [or] `testimony in open court,' are insufficient to satisfy the due process requirements of *Page 951 Armstrong [v. State, 294 Ala. 100, 312 So.2d 620
(1975)]."
McIntosh v. State, 762 So.2d 388, 390-91 (Ala.Crim.App. 1999) (citingJames v. State, 729 So.2d 364 (Ala.Crim.App. 1998); Rutledge v. State,689 So.2d 1002 (Ala.Crim.App. 1996); Rivers v. State, 689 So.2d 990
(Ala.Crim.App. 1996); and Jones v. State, 671 So.2d 770 (Ala.Crim.App. 1995)).
Although in its order revoking Murphy's probation the circuit court named the people who testified at the probation-revocation hearing, it did not state to any extent the substance of that testimony. Additionally, it did not state the conditions of probation it found Murphy to have violated. Therefore, the order is insufficient, and we must remand this cause so that the circuit court can specify the evidence, if any, on which it relied to revoke Murphy's probation.[1]
Due return shall be made to this Court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., concurs; Baschab and Shaw, JJ., concur in the result; Wise, J., dissents, with opinion.
[1] In Trice v. State, 707 So.2d 294, 299 (Ala.Crim.App. 1997), this Court urged the Alabama Supreme Court "to modify its present requirement that a separate written order be entered when a transcript of the revocation hearing is available." We again urge the Alabama Supreme Court to reconsider its holding in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).
* Note from the reporter of decisions: On March 14, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.