Darrell Wayne Pate appeals the trial court's order revoking his probation.
Pate raises only one issue on appeal: he argues that the trial court's written revocation order was deficient under Armstrongv. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v.State, 608 So.2d 762 (Ala. 1992), because, he says, the court failed to state the reasons for revoking his probation and the evidence it relied on in doing so.
 "`In accordance with Gagnon v. Scarpelli, 411 U.S. 778 [93 S.Ct. 1756, 36 L.Ed.2d 656] . . . (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), before probation can be revoked, an Alabama trial court must provide a *Page 373 
written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324
(Ala.Cr.App. 1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App. 2000).
In its order, the trial court stated:
 "This cause coming on to be heard on the motion of the State to revoke the defendant's probation, upon the stipulations of the State and defense, State's Exhibit R, the record made this date and May 18, 2001, and the testimony of witnesses Mark Carroll, Wayne Maddux, and Kim Norris, upon consideration of the foregoing, the court finds that no measure short of confinement will avoid depreciating the seriousness of the claimed grounds of violation, now upon consideration of the foregoing, it is ordered and adjudged that the court is reasonably satisfied that the defendant has violated the conditions of his probation in that he has committed the offense of harassment and that he has failed to avoid injurious and vicious habits, separately and severally, and the defendant's probation heretofore granted is ordered revoked, and the sentence heretofore imposed is ordered executed."
(C. 16.) The trial court's order properly stated the reasons for revoking Pate's probation — that he had committed the new offense of harassment and that he had failed to avoid injurious and vicious habits. Therefore, Pate's argument in this regard is meritless.
However, the order fails to sufficiently state the evidence upon which the trial court relied in revoking Pate's probation. Although the trial court stated in its order that it was relying on the testimony of Mark Carroll, Wayne Maddux, and Kim Norris, it did not state the substance of that testimony. In addition, although the court referred to a stipulation by the State and the defense and State's Exhibit R, it did not state the substance of the stipulation or identify the exhibit. Thus, the order did not sufficiently state the evidence the trial court relied on in revoking Pate's probation. See, e.g., Murphy v. State,856 So.2d 949, 951 (Ala.Crim.App. 2003) ("Although in its order revoking Murphy's probation the circuit court named the people who testified at the probation-revocation hearing, it did not state to any extent the substance of that testimony. . . . Therefore, the order is insufficient."); Holden v. State,820 So.2d 158, 162 (Ala.Crim.App. 2001) ("the trial court's order, stating only that it relied on `the evidence presented by the State at the defendant's probation revocation hearing,' was not adequate"); and Norwood v. State, 804 So.2d 1164, 1166-67
(Ala.Crim.App. 2001) ("Because the trial judge's order states only that he relied on the testimony of Al Dowdy and Felicia Thomas, the order is insufficient, and we must remand the cause so that the court can specify the evidence on which it relied.").
Therefore, based on Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), we must remand this cause for the trial court to prepare a written statement of the evidence it relied on in revoking Pate's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at *Page 374 
the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in the result.
* Note from the reporter of decisions: On August 22, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.