COBB, Judge.
On January 15, 1999, Kyndale Rene Kol-kana pleaded guilty to possession of a controlled substance and was sentenced to five years in prison. The trial court split the five-year sentence, ordered that the sentence of five years’ imprisonment be suspended, and placed Kolkana on probation for two years.[1] On March 21, 2001, *887 Kolkana pleaded guilty to second-degree theft of property and second-degree possession of a forged instrument and was sentenced, in each case, to concurrent sentences of 15 years in prison. The trial court split the sentences and ordered Kol-kana to serve 18 months in prison to be followed by probation to run concurrently with the 1999 drug conviction.[2]
On January 15, 2003, Kolkana’s probation officer filed a delinquency report. After conducting a hearing, the trial court revoked Kolkana’s probation on February 28, 2003, in all three cases. This appeal followed.
On appeal, Kolkana argues:
“There is only one issue in this case: whether [the trial court] followed proper procedure when [it] entered the order revoking my probation in that the order does not comply with the requirements for such an order as set forth by this Court.”
(Kolkana’s brief, p. 4.) Specifically, Kolka-na contends that the trial court’s written order should not be considered by this Court because it was untimely, being filed more than 30 days after Kolkana filed her notice of appeal. The main thrust of her argument is that, because the order was filed late, “Judge Woods did not give sufficient reasons [for the revocation] when he announced his decision to revoke [her at the end of the hearing],”[3] and she therefore “was not given a chance to raise ... issues [regarding the sufficiency of the order and the sufficiency of the evidence] for this appeal.” (Kolkana’s brief, pp. 12, 9.)[4]
The record reveals that the trial court revoked Kolkana’s probation at the end of the hearing conducted on February 28, 2003, but did not issue its detailed order until April 13, 2003, well after Kolkana had filed her notice of appeal on March 11, 2003. Assuming, without deciding, that the trial court erred by issuing its order in an untimely fashion, we hold such error to be harmless. Rule 45, Ala. R.App. P., provides:
“No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
(Emphasis added.)
As for whether the tardiness of the written revocation order probably injuriously *888 affected Kolkana’s substantial rights, regardless of the timing of the order of revocation, Kolkana, if she wanted to, could have raised issues concerning the sufficiency of that order in her appellate brief[5] without having first presented those arguments to the trial court. See Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998). Additionally, Kolkana and counsel were both present at the revocation hearing and could easily have argued, either at the hearing or in a posthearing motion, that the evidence' against her was insufficient to support the revocation of her probation. For these reasons, we do not see, and Kolkana does not sufficiently allege, how her substantial rights were injuriously affected by' the trial court’s untimely issuance of the revocation order:
For the reasons stated above, the judg- • ment of the trial court is affirmed.
AFFIRMED.
McMILLAN, PM., and BASCHAB and WISE, JJ., concur. SHAW, J., concurs-in the result.

. The record reflects that probation was revoked on March 21, 2001; that the order revoking probation was modified on March 28, 2001, to allow Kolkana to attend a drug treatment center for six weeks, to be followed by her admission to jail to serve 18 months; that the order of March 28, 2001, was modified on July 26, 2001, and provided for Kolka- ■ na's sentence to be amended to "split to time served” and for her to be committed to the *887 custody of the Hannah House program. (C. 6.) Ultimately, probation was revoked on February 28, 2003.

. Those sentences, too, were altered or amended several times. Ultimately, probation was revoked on February 28, 2003.

. Kolkana does not take issue with the sufficiency of the written order issued after the revocation hearing; rather, she takes issue with the sufficiency of the trial court’s oral ruling to revoke her probation on the day of the hearing. Nonetheless, we note that the trial court's order, though tardy, was sufficient in that it stated both the reasons for the revocation and the evidence relied upon.

.Additionally, Kolkana contends that, because her sentence was altered several times by the trial court, she ''[doesn’t] really understand exactly what [her] sentence is at this time.” (Kolkana’s brief, p. 8.) To the extent that she takes issue with the clarity of her sentence, we note that any issues regarding the clarity of her sentence are not properly raised in a direct appeal from her probation revocation. Rather, she should file a postcon-viction petition regarding the terms of her sentence.

. The order revoking Kolkana’s probation was issued on April 17, 2003, and was not filed until April 18, 2003. Kolkana's brief on appeal was filed on July 31, 2003.