912 So.2d 302 (2005)
Earnest HODGES
v.
STATE of Alabama.
No. CR-03-2124.
Court of Criminal Appeals of Alabama.
March 18, 2005.
*303 F. David Lowery, Russellville, for appellant.
Troy King, atty. gen., and P. David Bjurberg, asst. atty. gen., for appellee.
PER CURIAM.
Earnest Hodges appeals the trial court's revocation of his probation. He raises only one issue on appeal: whether the trial court's written revocation order fails to comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), because the court failed to state the evidence it relied on in revoking his probation.
"`In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295 (Ala. Crim.App.1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000).
In its order, a preprinted form, the trial court stated, in pertinent part:
"This cause coming before the Court on the 26th day of August, 2004, on the alleged violation by [Hodges] of the terms of probation ... and a request by the State of Alabama to revoke [Hodges's] probation ... and require [Hodges] to serve the sentence heretofore ORDERED. [Hodges] was represented by the Honorable David Lowery and the State of Alabama was represented by the Honorable Lee Osborn.
"Based on evidence, consisting of testimony of Brian Shackleford, Joshua Gates, Michelle Ray and Earnest Hodges, it is the finding of the Court that [Hodges's] probation ... is due to be revoked on the following grounds: Probable cause to believe [Hodges] engaged in criminal activity."
(C. 21.)
We agree with Hodges that the trial court failed to sufficiently state the evidence upon which it relied in revoking probation. Although the trial court stated that it was relying on the testimony of Brian Shackleford, Joshua Gates, Michelle Ray, and Hodges, it did not state the substance of that testimony. Therefore, the order does not comport with due process. See, e.g., Pate v. State, 882 So.2d 372, 373 (Ala.Crim.App.2003) ("Although the trial court stated in its order that it was relying on the testimony of Mark Carroll, Wayne Maddux, and Kim Norris, it did not state the substance of that testimony.... Thus, the order did not sufficiently state the evidence the trial court relied on in revoking Pate's probation."); Murphy v. State, 856 So.2d 949, 951 (Ala.Crim.App. 2003) ("Although in its order revoking Murphy's probation the circuit court named the people who testified at the probation-revocation hearing, it did not state to any extent the substance of that testimony.... *304 Therefore, the order is insufficient."); and Norwood v. State, 804 So.2d 1164, 1166-67 (Ala.Crim.App.2001) ("Because the trial judge's order states only that he relied on the testimony of Al Dowdy and Felicia Thomas, the order is insufficient, and we must remand the cause so that the court can specify the evidence on which it relied.").
Accordingly, based on Armstrong and Wyatt, we must remand this cause for the trial court to prepare a written statement of the evidence it relied on in revoking Hodges's probation. Due return shall be filed with this Court within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., concurs. COBB, J., concurs specially, with opinion. BASCHAB, J., concurs in the result. SHAW, J., dissents, with opinion, which WISE, J., joins.
COBB, Judge, concurring specially.
I recognize that this Court must follow the holding of the Alabama Supreme Court in Wyatt v. State, 608 So.2d 762 (Ala.1992), that requires the circuit court to provide a probationer with a written order stating the evidence and the reasons relied upon in revoking probation. The rationale for this requirement is not only to afford the probationer due process but also to "`offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.'" Williams v. State, 895 So.2d 1012 (Ala.Crim.App.2004)(quoting, T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994)). I agree that probationers should be assured these protections. However, I write specially because I believe that the revocation of Hodges's probation could be affirmed based on the record for reasons expressed by this Court in Trice v. State, 707 So.2d 294 (Ala.Crim. App.1997). In Trice, this Court stated that "[b]ecause revocation proceedings can be transcribed, the goal of providing a basis for evaluating the revocation hearing and the ultimate decision is accomplished by a sufficient pronouncement on the record without requiring the circuit court to reproduce its ruling in a separate written order." Trice, 707 So.2d at 298-99.
Here, although Hodges asserted that he acted in self-defense, Hodges testified that he got into a scuffle with Joshua Gates and that he cut Gates with a knife. Gates testified that he had scuffled with Hodges and that Hodges cut him under his left arm in the rib area with a knife. The cut required 12 staples to close. Officer Brian Shackleford testified that, based on the incident, Hodges was charged with assault in the second degree. Michelle Ray, a probation officer, filed a delinquency petition against Hodges asserting that he had been arrested for assault in the second degree, a violation of the condition of his probation that he not commit any other criminal offenses.
The written revocation order states, in pertinent part:
"Based on the evidence, consisting of the testimony of Brian Shackleford, Joshua Gates, Michelle Ray, and Earnest Hodges, it is the finding of the Court that [Hodges's] probation is due to be revoked on the following grounds: probable cause to believe [Hodges] engaged in criminal activity."
*305 (C. 21.). The trial court stated the following on the record at the conclusion of the revocation hearing:
"THE COURT: Based on the testimony that's been presented, Mr. Hodges, it appears that even though y'all were in a fight  and I understand the testimony that you were indicating that he came at you first, but it appears that the use of the knife exceeded any force needed for self-defense at that particular time.
"So you understand that your probation will be revoked and you will be required to serve the balance of the sentence, and it will be served straight."
(R. 40.).
Here, I do not believe that Hodges was deprived of due process, because the record reflects that Hodges was sufficiently apprised of the reasons and the evidence the trial court relied on to revoke his probation. Likewise, the simplicity of the charges and facts created no hindrance in reviewing the record; it is clear that there was no abuse of discretion by the trial court, and the order is sufficiently specific to prevent future revocations based on the same conduct. I believe that it is a waste of judicial resources to remand this case for additional written findings when the record complies with Rule 27.6(f), Ala. R.Crim. P. ("The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.")(emphasis added), and additionally I believe that it is a waste of judicial resources to remand this case because the record clearly supports the findings contained in the trial court's revocation order.
SHAW, Judge, dissenting.
I agree with the main opinion that the revocation order in this case violates due process because the trial court failed to adequately set forth the evidence it relied on in revoking probation. However, I am persuaded by the State's argument that the defect in the trial court's written revocation order in this case is, under the circumstances, harmless beyond a reasonable doubt.
It is well settled that the failure of a trial court to issue a written revocation order setting forth the reasons for revoking probation and the evidence it relied on in doing so violates due process. However, constitutional errors are generally subject to harmless-error analysis. As the United States Supreme Court stated in Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999):
"We have recognized that `most constitutional errors can be harmless.' [Arizona v.] Fulminante, [499 U.S. 279] at 306 [ (1991) ]. `[I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to harmless-error analysis.' Rose v. Clark, 478 U.S. 570, 579 (1986). Indeed, we have found an error to be `structural,' and thus subject to automatic reversal, only in a `very limited class of cases.' Johnson v. United States, 520 U.S. 461 (1997)."
527 U.S. at 8, 119 S.Ct. 1827. This Court has applied the harmless-error rule to probation-revocation proceedings in various contexts. See, e.g., Kolkana v. State, 882 So.2d 886 (Ala.Crim.App.2003) (applying harmless-error rule to trial court's untimely issuance of a written revocation order); Beckham v. State, 872 So.2d 208 (Ala.Crim. App.2003) (applying harmless-error rule to State's failure to provide to probationer an audiotape of an alleged drug transaction); Evans v. State, 794 So.2d 1234 (Ala.Crim. *306 App.2000) (applying harmless-error rule to trial court's failure to advise probationer of his right to request counsel); and Lindsey v. State, 768 So.2d 408 (Ala.Crim.App.1998) (applying harmless-error rule to defects in arrest warrant and search warrant and to trial court's denial of motion to compel discovery of the evidence to be used against probationer in the revocation proceeding).
Although I have, on numerous occasions in the past, agreed with, and even authored, opinions remanding cases for the entry of proper revocation orders without engaging in a harmless-error analysis, upon further review of the Alabama Supreme Court's opinions in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), I can find nothing prohibiting this Court from applying the harmless-error rule to defects in written revocation orders. In Wyatt, the Supreme Court, citing Brown v. State, 515 So.2d 146 (Ala.Crim. App.1987), and Salter v. State, 470 So.2d 1360 (Ala.Crim.App.1985), stated in dicta that this Court had erroneously attempted to circumvent the holding in Armstrong by holding that a complete written order was not necessary to satisfy due process if the transcript of the revocation hearing and the order were sufficient to establish the evidence relied on and the reason for revocation. Although the Wyatt Court adhered to the holding in Armstrong that requires a complete written order to satisfy the requirements of due process, the Court did not address whether such a due-process violation is subject to a harmless-error analysis.
In this case, Earnest Hodges was charged with violating his probation by engaging in injurious or vicious habits and criminal activity, the basis of the charge being that Hodges committed the criminal offense of domestic violence for assaulting Joshua Gates, with whom Hodges and a woman identified as "Ms. Goodin" were living. Hodges was provided a revocation hearing in accordance with Rule 27.6(a), Ala.R.Crim.P., during which he was represented by counsel and testified on his own behalf; the evidence presented at the revocation hearing fully supports the trial court's conclusion that Hodges engaged in criminal activity, specifically, that he committed domestic violence. Hodges does not challenge the revocation of his probation on appeal, his only argument concerns the adequacy of the written revocation order. Under these circumstances, it is clear to me that Hodges has not been prejudiced by the defect in the trial court's written revocation order and that a remand is not necessary.
I would affirm the trial court's judgment. Therefore, I respectfully dissent.
WISE, J., concurs.
NOTES
[*] Note from the reporter of decisions: On May 13, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On that same date that court denied rehearing, without opinion.