SHAW, Judge,
dissenting.
The trial court properly set forth its reasons for revoking Michael Alan Hill’s probation in its written revocation order— that Hill had failed to pay various court-ordered moneys and that Hill had failed to report to his probation officer. I agree with the main opinion, however, that the trial court did not state the evidence it relied on in revoking Hill’s probation and, thus, that its order violates due process. Nevertheless, after reviewing the record in this case, I believe the error was harmless beyond a reasonable doubt. See my dissent in Hodges v. State, 912 So.2d 302 (Ala.Crim.App.2005).
Hill was provided a revocation hearing in accordance with Rule 27.6(a), Ala. R.Crim.P., and he was represented by counsel during that hearing. Although Hill makes several pro se arguments on appeal, none of the issues he raises were properly preserved in the trial court; thus, they cannot be reviewed by this Court. As it stands, the only issue before this Court is the adequacy of the written revocation order. Under these circumstances, it is ■ clear to me that Hill has not been prejudiced by the defect in the trial court’s written revocation order and that a remand is not necessary. I would affirm the trial court’s judgment. Therefore, I respectfully dissent.
WISE, J., concurs.