BASCHAB, Presiding Judge.
 

 On February 21, 2001, the appellant, Billy Joe Phillips, Jr., pled guilty to attempted unlawful distribution of a controlled substance. The trial court sentenced him to serve a term of eighteen years in prison, but split the sentence and ordered him to serve four years followed by fourteen years on supervised probation. On August 13, 2007, the appellant’s probation officer filed an “Officer’s Report on Delinquent Probationer.” After conducting a revocation hearing, the circuit court revoked his probation. This appeal followed.
 

 The appellant argues that the circuit court did not enter a written order in which it adequately set forth the evidence upon which it relied in revoking his probation.
 

 “[T]he requirement of
 
 Wyatt [v. State,
 
 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f) [, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [United States v.] Copeland,
 
 20 F.3d [412,] 414 [ (11th Cir.1994) ].
 

 “We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.
 
 The requirements of
 
 Wyatt
 
 will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons.
 
 Thus, the requirements
 
 *1090
 
 of
 
 Wyatt
 
 are fully applicable to the trial court’s order of revocation where the record fails to comply with Rule 27.6(f).”
 

 McCoo v. State,
 
 921 So.2d 450, 462-63 (Ala.2005) (emphasis added).
 

 “In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some
 
 affirmative action,
 
 either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’
 
 McCoo,
 
 921 So.2d at 462 (emphasis added).”
 

 Ex parte Garlington,
 
 998 So.2d 458, 458-59 (Ala.2008).
 

 In its written revocation order in this case, the circuit court stated:
 

 “The Defendant being present with ... his attorney of record and the Court proceeded to hear the evidence and finds from the evidence that the Defendant has violated one or more of the conditions of his probation in that there is evidence believed and relied upon by the Court, upon consideration of all the proof presented, including that of witnesses Elliot King, Virginia Gipps and Don Jackson, that the Defendant has violated a condition of his probation. Particularly, the Court is reasonably satisfied from the evidence that Defendant did, during the term of his probation, commit the offense of Unlawful Possession of Drug Paraphernalia, being a small bag or baggy intended for use to contain a controlled substance, and that he did so on 08/06/07 at 105 Bailey Street in Opp, Covington County, Alabama. The Court is of the opinion that such offense clearly breached the requirement that Defendant not violate any federal, state or local law.
 

 “The Court finds that no measure short of confinement will avoid depreciating the seriousness of the aforementioned breach.”:
 

 (C.R. 18.)
 

 The circuit court did not include in either its written revocation order or the transcript of the revocation hearing an affirmative statement that adequately set forth the evidence upon which it relied in revoking the appellant’s probation. Accordingly, we must remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied in revoking the appellant’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion.
 
 [1]
 

 REMANDED WITH INSTRUCTIONS.
 

 McMILLAN and WISE, JJ., concur. SHAW and WELCH, JJ., dissent.
 

 [1]
 

 . Because of our disposition of this case, we pretermit discussion of any remaining claims the appellant raises in his brief to this court.