BASCHAB, Presiding Judge,
concurring in part and concurring in the result in part.
I concur with the majority’s conclusion that the appellant did not preserve his claims that his counsel rendered ineffective assistance and that the State did not present sufficient evidence to support the revocation of his probation. I also concur with *1267 the majority’s conclusion that the circuit court adequately set forth the evidence upon which it relied in revoking the appellant’s probation in this case. However, I disagree with the majority’s decision to overrule our previous decision in Phillips v. State, 10 So.3d 1088 (Ala.Crim.App.2008).
In its written revocation order in this case, the circuit court merely listed the names of the witnesses who testified at the revocation hearing. In Hodges v. State, 912 So.2d 302, 303-04 (Ala.Crim.App.2005), this court addressed a similar order as follow:
“Although the trial court stated that it was relying on the testimony of Brian Shackleford, Joshua Gates, Michelle Ray, and Hodges, it did not state the substance of that testimony. Therefore, the order does not comport with due process. See, e.g., Pate v. State, 882 So.2d 372, 373 (Ala.Crim.App.2003) (‘Although the trial court stated in its order that it was relying on the testimony of Mark Carroll, Wayne Maddux, and Kim Norris, it did not state the substance of that testimony.... Thus, the order did not sufficiently state the evidence the trial court relied on in revoking Pate’s probation.’); Murphy v. State, 856 So.2d 949, 951 (Ala.Crim.App.2003) (‘Although in its order revoking Murphy’s probation the circuit court named the people who testified at the probation-revocation hearing, it did not state to any extent the substance of that testimony.... Therefore, the order is insufficient.’); and Norwood v. State, 804 So.2d 1164, 1166-67 (Ala.Crim.App.2001) (‘Because the trial judge’s order states only that he relied on the testimony of A1 Dowdy and Felicia Thomas, the order is insufficient, and we must remand the cause so that the court can specify the evidence on which it relied.’).”
Subsequently, in McCoo v. State, 921 So.2d 450 (Ala.2005), the Alabama Supreme Court modified the requirements regarding written revocation orders. In McCoo, the supreme court held:
“[T]he requirement of Wyatt [v. State, 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’ [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir.1994)].
“We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of Wyatt will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons. Thus, the requirements of Wyatt are fully applicable to the trial *1268 court’s order of revocation where the record fails to comply with Rule 27.6(f).”
921 So.2d at 462-63 (emphasis added). Finally, in Ex parte Garlington, 998 So.2d 458, 458-59 (Ala.2008), the supreme court further explained the due process requirements as follows:
“In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’ McCoo, 921 So.2d at 462 (emphasis added).”
In this case, the appellant was charged with violating the terms and conditions of his probation by committing the new offense of unlawful distribution of a controlled substance and by not avoiding injurious or vicious habits based on the facts underlying the new offense. At the revocation hearing, the State presented the testimony of three witnesses — the law enforcement officer who set up and monitored a controlled buy; the confidential informant who participated in the controlled buy; and the appellant’s probation officer. The defense did not present any witnesses. Based on the specific facts of this case and the nature of the testimony during the revocation hearing, I agree that the circuit court’s order was sufficient to satisfy the requirements of McCoo and Garlington.
As stated above, I disagree with the majority’s decision to overrule this court’s decision in Phillips v. State, 10 So.3d 1088 (Ala.Crim.App.2008). Although the written revocation order in Phillips is similar to the order in this case, the underlying facts of the two cases are distinguishable. In this case, all of the witnesses who testified at the revocation hearing indicated that the appellant had violated the terms and conditions of his probation. In contrast, in Phillips, the defense presented evidence from Phillips and his mother that he had not, in fact, violated the terms and conditions of his probation. In its written revocation order in Phillips, the circuit court stated that it was relying upon the testimony of several witnesses, including Phillips’s mother. However, based on the conflicting nature of the evidence presented in that case, the mere listing of the names of the witnesses without any reference to the substance of their testimony was not adequate to apprise this court of the circuit court’s basis for determining that the appellant had violated the terms and conditions of his probation. Rather than holding that an order that lists the names of witnesses will always be adequate, I believe this court should evaluate such orders in light of the facts of each particular case.[2] Therefore, I disagree with the majority’s decision to overrule Phillips.
For the above-stated reasons, I respectfully concur in part and concur in the result in part.

. It appears that the orders in this case and in Phillips were form orders. I caution the circuit court that, when conflicting evidence is presented during a revocation hearing, such form orders might not satisfy the due process requirements set forth in McCoo and Garling-ton.