JOINER, Judge,
dissenting.
I respectfully dissent from this Court’s order remanding this case to the circuit court for that court to “enter a written order specifically stating its reasons for revoking Gates’s probation and the evidence upon which it relied.” The record on appeal in this matter clearly demonstrates the circuit court’s reasons for revoking Gates’s probation. See, e.g., Ex parte State, 921 So.2d 450, 462 (Ala.2005) (holding that “ ‘oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’ [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir.1994) ].”).
The procedural history of this case is correctly set out in this Court’s order as follows:
“On August 13, 2012, Gates pleaded guilty to one count of third-degree burglary, a violation of § 13A-7-7, Ala.Code 1975, and one count of second-degree receiving stolen property, a violation of § 13A-8-18, Ala.Code 1975. The circuit court sentenced Gates to concurrent terms of 15 years in prison, split to time served followed by 5 years of probation. On March 13, 2013, Gates’s probation officer filed an ‘Officer’s Report on Delinquent Probationer’ alleging that Gates had violated his probation by acquiring a new conviction for third-degree burglary and by failing to report as directed by his probation officer. On April 17, 2013, the circuit court held a probation-revocation hearing, during which Gates admitted to violating the terms and conditions of his probation. At the conclusion of the hearing, the circuit court found that Gates was in violation of his probation, but allowed him to remain on probation provided that he report to the probation office following his release from custody and continue to report for bi-weekly drug testing. On April 24, 2013, Gates’s probation officer filed a second delinquency report alleging that Gates was in technical violation of his probation for failing to report. Following a probation-revocation hearing on May 20, 2013, the circuit court revoked Gates’s probation. This appeal followed.”
On appeal, Gates contends that the circuit court’s
“probation revocation order, coupled with its statement on the record, did not satisfy due process requirements and the requirements under Rule 27.6(f), Ala. R. of Crim. P., where the [circuit] court did not adequately and sufficiently state the evidence relied upon and the reasons for revoking Gates’[s] probation.”
(Gates’s brief, p. 10.) Specifically, Gates contends that the extent of the circuit court’s findings were that the circuit court,
“at the conclusion of the revocation hearing herein and arguments presented by both parties, stated, ‘Based on the testimony, I find the defendant has vio *23 lated the terms and conditions of probation. I am fully revoking him for the remainder of the sentencing on CC-2008-2971.’ ”[1]
(Gates’s brief, p. 12.) Gates then requests that this Court remand this case to the circuit court for that court to issue a written order stating its reasons for revoking Gates’s probation.
With regard to the sufficiency of a circuit court’s probation-revocation order, this Court has held:
“Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, ‘[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.’ In McCoo v. State, 921 So.2d 450, 462 (Ala.2005), the Alabama Supreme Court relaxed the requirements of a written probation-revocation order and this court’s review of that order:
“ ‘[T]he requirement of Wyatt [v. State, 608 So.2d 762 (Ala.1992),] and its associated eases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that “oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.” [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir.1994)].’
“In Ex parte Garlington, 998 So.2d 458 (Ala.2008), the Alabama Supreme Court reiterated the importance of its holding in McCoo, stating:
“Tn order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is “the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.” McCoo [v. State], 921 So.2d [450,] 462 [(Ala.2005)] (emphasis added).’
“Garlington, 998 So.2d at 458-59 (Ala.2008).”
Williams v. State, [Ms. CR-11-1423, May 3, 2013] _ So.3d _, _ (Ala.Crim.App.2013). Thus, based on McCoo and Ex parte Garlington, 998 So.2d 458 (Ala.2008), it is unnecessary to remand a case to the circuit court where the circuit court’s reasons for revoking a defendant’s probation *24 appear in a written order or appear in a statement recorded in a transcript.
Here, as stated above, on May 20, 2013, the circuit court conducted a probation-revocation hearing, at which the State presented the testimony of Reginald Tate— Gates’s probation officer. Tate testified that he had supervised Gates on probation since August 2012 and that he had advised Tate of the “rules and regulations of probation.” (R. 4.) Tate stated that he filed a delinquency report explaining that Gates had violated a condition of his probation; namely, “Condition Number 4, failure to report as directed by his probation officer.” (R. 5.) Tate explained that Gates violated “Condition Number 4” because
“on the 17th of last month we had a probation-revocation hearing actually for the same — one of the same technical charges, failure to report.
“Mr. Gates was instructed that once he was released from the Metro Jail to report to our office. He never reported.
“According to the record of the Metro Jail, he was released on the same day of the revocation, on the 17th.”
(R. 5-6.) Tate further explained that he waited one week to see if Gates would report before filing a second delinquency report; Gates, however, did not report.
After Tate testified, Gates testified in his own behalf explaining that, at the previous probation-revocation hearing, “the thing that was made perfectly clear to [him] about seeing Mr. Tate, was that [he] was to do so in two weeks.” (R. 8.) Gates then testified that it was his intent to report to Tate “[o]n the 14th day exactly.” (R. 9.)
Thus, at the hearing, Gates conceded that he failed to immediately report to Tate. Consequently, the only issue for the circuit court to resolve was not whether Gates failed to report — a fact Gates conceded, but whether Gates was ordered to report immediately or, instead, was ordered to report 14 days after he was released from custody.
This Court’s remand order concludes that “[t]he circuit court’s oral findings at the conclusion of Gates’s revocation hearing stated, T don’t want to hear any excuses. I am tired of that. I am fully revoking you. Good luck. (R. 13.)’ ” If that were all that the circuit court stated at the conclusion of the probation-revocation hearing, I would agree with this Court’s order remanding this case to the circuit court for further findings of fact. The transcript of Gates’s probation-revocation hearing, however, includes the following statement from the circuit court, which was made at the close of all the evidence:
“Mr. Gates, I handle a lot of matters like this. And, frankly, because of the volume of them, it is sometimes difficult for me to remember the probationers because there are so many of them.
“But I do remember you because it was a particularly interesting issue involved in your matter in that [the State] argued that because the burglary was now considered a crime of violence, it shouldn’t be considered as a technical violation and limit you to a 90-day amount of time that the Court could have made you serve because you failed to report the other time.
“But no good deed goes unpunished. I decided to give you another break. I recall telling you that it was obvious that drugs were somewhere involved in all of this, and that I wanted you to report immediately when you were released to Mr. Tate and that I also wanted you — I think I recall saying that I wanted you to report biweekly for a drug test.
“And just for clarification, you are not in charge of your probation, Mr. Tate is. And so if he thought that going to a *25 rehab center or a halfway house was what you needed, he would have said so, once you reported to him.
“But probation is not a right, Mr, Gates; it’s a privilege. And, for whatever reason, your history indicates that you are either — for whatever reason, you just don’t want to comply with the rules of society and what the law tells you you have to, or what the Court instructs you. And I tried to give you a break. You didn’t take advantage of it.
“Even with your long history, I am— just like Mr. Tate, I am very, very surprised you didn’t — as soon as you got out you did not walk but you didn’t run to the probation office and sit over there.
“I don’t want to hear any excuses. I am tired of that. I am fully revoking you.”
(R. 11-13 (emphasis added).)
Although the circuit court’s order does not sufficiently state the circuit court’s reasons for revoking Gates’s probation,[2] the circuit court’s statement on the record clearly and unequivocally demonstrates that the circuit court found that Gates was ordered to immediately report to Tate but failed to do so. The circuit court’s findings were based on Tate’s testimony and its own recollection of Gates’s previous probation-revocation hearing.
Although this Court’s order relies on McCoo and Garlington as a basis for remanding this case to the circuit court for that court to “enter a written order specifically stating its reasons for revoking Gates’s probation and the evidence upon which it relied,” in this case, McCoo and Garlington require no such action. In fact, this case falls squarely within the “relaxed ... requirements” of McCoo and Garlington because the circuit court stated on the record its reasons for revoking Gates’s probation — reasons that, if written, would satisfy the more stringent standards of Wyatt v. State, 608 So.2d 762 (Ala.1992).
To remand this case to the circuit court for that court to simply memorialize in a written order exactly what it stated at Gates’s probation-revocation hearing ignores the relaxed requirements of McCoo and Garlington and, instead, treats this case as if it were under the Wyatt standard. Remanding this case is unnecessary and wastes scarce judicial resources.
Moreover, as I stated in my dissent in Williams v. State, [Ms. CR-11-1423, May 3, 2013] _ So.3d _, _ (Ala.Crim.App.2013) (Joiner, J., dissenting):
“I conclude that a claim challenging the sufficiency of an order revoking probation is subject to review for harmless error, Rule 45, Ala. RApp. P., and, even if the circuit court’s order were insufficient here, I would hold that the error is harmless.
“A sufficiency-of-the-order claim is among four claims that are not bound by the general rules of preservation and thus may be raised for the first time on appeal. See Saffold v. State, 77 So.3d 178, 179 (Ala.Crim.App.2011) (noting that there are four probation-revocation claims that are not bound by the general rules of preservation: a claim that there was no adequate written order, a claim that a revocation hearing was not actually held, a claim that the circuit court did not advise a probation-revocation defendant of his or her right to request an attorney, and a claim that the circuit court erred in failing to appoint counsel). This Court has not held, however, that these four claims are not subject to harmless-error analysis; indeed, this *26 Court has applied a harmless-error analysis to at least two of these four claims. See Dean v. State, 57 So.3d 169 (Ala.2010) (holding that the circuit court’s failure to appoint counsel at a probation-revocation hearing is subject to harmless-error analysis); Davis v. State, 855 So.2d 1142 (Ala.Crim.App.2008) (holding that a circuit court’s failure to advise a probation-revocation defendant of his right to counsel was subject to harmless-error analysis).
“In Hodges v. State, 912 So.2d 302 (Ala.Crim.App.2005), then Judge Shaw — joined by then Judge Wise — argued that an insufficient probation-revocation order is subject to harmless-error analysis. In Hodges, then Judge Shaw wrote:
“ ‘In this case, Earnest Hodges was charged with violating his probation by engaging in injurious or vicious habits and criminal activity, the basis of the charge being that Hodges committed the criminal offense of domestic violence for assaulting Joshua Gates, with whom Hodges and a woman identified as “Ms. Goodin” were living. Hodges was provided a revocation hearing in accordance with Rule 27.6(a), Ala. R.Crim. P., during which he was represented by counsel and testified on his own behalf; the evidence presented at the revocation hearing fully supports the trial court’s conclusion that Hodges engaged in criminal activity, specifically, that he committed domestic violence. Hodges does not challenge the revocation of his probation on appeal; his only argument concerns the adequacy of the written revocation order. Under these circumstances, it is clear to me that Hodges has not been prejudiced by the defect in the trial court’s written revocation order and that a remand is not necessary.’
“912 So.2d at 306 (Shaw, J., dissenting).
“In this case, there is no argument that Williams was not afforded a hearing or that he was deprived of due process; likewise, the evidence presented at the hearing was sufficient. On appeal, Williams argues — at the request of this Court — only that the circuit court’s order was insufficient. Williams does not argue that the circuit court’s order impedes his ability to adequately appeal his case or that this Court’s review is hampered by the circuit court’s order. As then Judge Shaw concluded in Hodges, ‘[ujnder these circumstances, it is clear to me that [Williams] has not been prejudiced by the defect in the trial court’s written revocation order and that a remand is not necessary.’ 912 So.2d at 306.”
(Footnotes omitted.)
Here, like in Hodges and Williams, Gates was provided a revocation hearing in accordance with Rule 27.6(a), Ala. R.Crim. P., during which he was represented by counsel and testified on his own behalf; the evidence presented at the revocation hearing supports the circuit court’s conclusion that Gates failed to report to his probation officer — in fact, Gates conceded this fact at the hearing. Additionally, Gates does not challenge the revocation of his probation on appeal; instead, Gates’s only argument concerns the adequacy of the written revocation order. Thus, “[u]n-der these circumstances, it is clear to me that [Gates] has not been prejudiced by the defect in the trial court’s written revocation order and that a remand is not necessary.” Hodges, 912 So.2d at 306 (Shaw, J., dissenting).
Finally, I note that, since I authored my dissent in Williams, this is, at least, the fifth time I have dissented from a remand order instructing a circuit court to enter a *27 written order stating its reasons for revoking a defendant’s probation under the more stringent Wyatt standard. See Cambron v. State (No. CR-12-0928, August 23, 2013); Dow v. State (No. CR-12-0625, August 20, 2013); Bailey v. State (No. CR-12-0112, May 16, 2013); and Henderson v. State (No. CR-12-0216, May 16, 2013). I am concerned that unless the State seeks certiorari review from this or a similar remand order, this Court’s practice of unnecessarily remanding cases will continue.
Although this Court’s remand order is not a final decision that would generally enable the State to seek certiorari review of this Court’s decision, in McCoo the Alabama Supreme Court concluded that the State may, in fact, seek certiorari review of this Court’s order remanding a case to the circuit court instructing that court to state its reasons in a written order for revoking a defendant’s probation because, it said, the issue is capable of repetition yet evading review. McCoo, 921 So.2d at 455-59.
Accordingly, I respectfully dissent.
WELCH, J., concurs.

. Gates provides no citation for his quotation of the circuit court’s findings at the probation-revocation hearing. In fact, the transcript of the probation-revocation hearing does not include the quote contained in Gates's brief on appeal. Additionally, the circuit court case number referenced in Gates's quote does not match either of the circuit court case numbers for this case.
Gates, in his ‘‘Summary of the Argument,” provides a different quotation of the circuit court’s findings. Specifically, Gates explains that the circuit court stated, " 'I don't want to hear any excuses. I am tired of that I am fully revoking you.’ ” (Gates's brief, p. 8.)

. The circuit court’s written order revoking Gates’s probation found as follows: "Testimony was taken at a show cause hearing. The court finds [Gates] failed to report.” (C. 21.)