The appellant, William Heyward, pleaded guilty to possession of cocaine in July 1989. He was placed on two years' probation and was fined $500. The instant appeal is a result of the revocation of his probation.
Testimony at the revocation hearing revealed that the police had information that the appellant was selling contraband. The appellant was put under surveillance and was seen dropping a small black object from his hand. Upon further inspection, the police identified the contents of the container as marijuana and cocaine. Appellant's probation officer testified that one of the terms of his probation was that he not violate any laws of the state.
The appellant argues that there was insufficient evidence to revoke his probation. We do not agree. In a revocation hearing, "the State is not bound to a standard of proof of reasonable doubt or the preponderance of the evidence." Powell v. State,485 So.2d 379, 380 (Ala. 1986). The trial court need only be "reasonably satisfied" that the terms of the probation has been violated. See Walker v. State, 552 So.2d 906 (Ala.Cr.App. 1989);Powell, supra; Mathis v. State, 477 So.2d 520
(Ala.Cr.App. 1985); Rice v. State, 429 So.2d 686
(Ala.Cr.App. 1983). It is clear from the testimony that this test was satisfied.
Appellant also argues that the trial judge did not comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), in that he made no written findings as to the evidence relied on in revoking probation. We must agree. This is one of the constitutional requirements imposed by Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). As we recently stated in Grimes v. State, 579 So.2d 693
(Ala.Cr.App. 1991), these "due process rights have not been changed by the United States Supreme Court and must be complied with." 579 So.2d at 694.
Thus, on the authority of Morrissey, Gagnon, and Grimes, this case is remanded to the Circuit Court for Henry County *Page 1353 
so that that court may make written findings of fact as to why the appellant's probation was revoked. A copy of the court's findings shall be filed with this court within 90 days.
REMANDED WITH DIRECTIONS.
All the Judges concur.