The appellant, Michael Earl Wyatt, appeals the revocation of his probation, contending *Page 762 
that the circuit court violated his constitutional rights in that the court failed to include in its revocation order a written statement of the evidence relied upon and the specific reasons for the revocation. A review of the court's revocation order confirms that no specific findings were included.
A written statement setting forth the evidence relied upon and the reasons for revoking probation is necessary to meet the minimum constitutional requirements of due process.Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The requirements of due process "have not been changed by the United States Supreme Court and must be complied with." Grimes v. State,579 So.2d 693, 694 (Ala.Cr.App. 1991). See also Heyward v.State, 583 So.2d 1352 (Ala.Cr.App. 1991); Womack v.State, 591 So.2d 107 (Ala.Cr.App. 1991). Therefore, this cause is remanded to the Circuit Court of Madison County with directions that that court make written findings of fact as to why the appellant's probation was revoked. A copy of the circuit court's findings shall be filed with this court within 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.