TAYLOR, Judge.
The appellant, S.B.S., appeals the revocation of his probation. On September 26, 1991, the appellant pleaded guilty, as a youthful offender, to vehicular homicide. He was placed on three years’ supervised probation. On August 13, 1993, the appellant’s probation officer filed a delinquency report against him as a result of the appellant’s arrest for driving under the influence. On November 5, 1993, a probation revocation hearing was held and the appellant’s probation was revoked. This appeal is from the revocation of appellant’s probation.
The appellant contends that the trial court failed to comply with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), because it failed to make written findings giving the reasons it relied upon in revoking his probation. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
A majority of this court in Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991), stated:
“The minimum constitutional requirements for revocation of parole and probation have long been established by the United States Supreme Court in the cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
“In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, listed the following minimal requirements of due process when revoking probation:
“ ‘(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (e) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.’ Morrissey v. Brewer, supra, 408 U.S. at 489, 92 S.Ct. at 2604.
“Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62.
“The United States Supreme Court has clearly set out the principles of due process in the cases listed above. These due process rights have not been changed by the United States Supreme Court and must be complied with.”
Grimes, 579 So.2d at 694. (Emphasis in original.) See also Wyatt v. State, 608 So.2d 761 (Ala.Cr.App.), petition dismissed, 608 *1341 So.2d 762 (Ala.), on return to remand, 608 So.2d 763 (Ala.Cr.App.1992).
The state argues that the record supports the court’s ruling and that it is therefore unnecessary to remand this cause for the court to make written findings. In Wyatt, the Alabama Supreme Court, when dismissing the petition, reaffirmed its holding in Armstrong and specifically stated that written findings must be made by the circuit court. 608 So.2d at 763. “The written statement of the reasons relied upon 1 “relates to a matter of substance and not mere form.” Carter v. State, 389 So.2d 601 (Ala.Cr.App. 1980).’ ” Grimes, 579 So.2d at 694. See also Chasteen v. State, 652 So.2d 318 (Ala.Cr.App. 1994); Heyward v. State, 583 So.2d 1352 (Ala.Cr.App.1991).
On the authority of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), Gagnon, and Wyatt, this cause is remanded to the Circuit Court for Baldwin County so that that court can furnish the appellant with written findings as to the evidence it relied on and the reasons for revoking the appellant’s probation. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.,