Lavoris Smith appeals from the trial court's order revoking her probation.
On June 26, 1997, Smith pleaded guilty to illegal possession of a credit card and to possession of a forged instrument in case nos. CC-96-1183 and CC-96-1280. She was sentenced to three years' imprisonment for each conviction, to run concurrently. The sentences were suspended, and she was placed on probation for three years. On January 22, 1998, Smith pleaded guilty to three counts of possession of a forged instrument in case nos. CC-97-1192, CC-97-1193, and CC-97-1194. She was sentenced to three years' imprisonment for each conviction, to run concurrently with each other and with the sentences in the other two cases. Those sentences were suspended, and she was placed on probation for five years. On June 17, 1999, William D. Webber, Smith's probation officer, filed a delinquency report alleging that Smith had violated the terms and conditions of her *Page 840 
probation by failing to pass a drug test. After a revocation hearing on March 5, 2002, the trial court revoked Smith's probation.
On appeal, Smith contends that the trial court erred in revoking her probation because, she says: (1) the trial court's initial order of probation was defective so the revocation based on it was improper; (2) the trial court did not address her personally, pursuant to Rule 27.6(c), Ala.R.Crim.P., before it accepted her admission that she had failed the drug test,; (3) there was insufficient evidence to warrant revoking her probation; (4) the revocation of her probation was a violation of due process; and (5) the court abused its discretion in not considering lesser alternatives than incarceration. None of these issues were presented to the trial court. In Evans v. State, 794 So.2d 1234
(Ala.Crim.App. 2000), this Court stated:
 "Even constitutional issues must be properly preserved for appellate review. Brown v. State, 705 So.2d 871, 875
(Ala.Crim.App. 1997).
 "`The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081
(Ala.Crim.App. 1992). This court "has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held." Puckett, 680 So.2d at 983.'
 "Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). Additionally, as noted earlier, this Court recently held in Law [v. State, 778 So.2d 249
(Ala.Crim.App. 2000),] that a defendant can also raise for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250."
794 So.2d at 1236-37. Smith's claims do not fall within one of the exceptions to the general rules of preservation that have been recognized in probation revocation proceedings. Thus, because Smith did not raise these claims in the trial court, they were not properly preserved for review.
Smith also contends on appeal that the trial court's order revoking her probation was insufficient because, she says, the trial court failed to state the reasons it was revoking her probation or the evidence it relied on in doing so. Although Smith did not object to the sufficiency of the trial court's order, it is well settled that "the adequacy of a written order of revocation can be raised for the first time on appeal." Durr v.State, 807 So.2d 595, 595 (Ala.Crim.App. 2001), citing Owens v. State,728 So.2d 673, 680 (Ala.Crim.App. 1998).
 "`In accordance with Gagnon v. Scarpelli, 411 U.S. 778
. . . (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762
(Ala. 1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295
(Ala.Crim.App. 1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App. 1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App. 2000). *Page 841 
In its written order, the trial court stated that it was revoking Smith's probation because she "failed to pay any money toward her fines and courts costs" and because "she failed a drug test." (C. 42.) Therefore, it properly stated the reasons for revoking Smith's probation. However, the trial court did not state in its order the evidence it relied on in doing so. Therefore, based on Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State,608 So.2d 762 (Ala. 1992), we must remand this cause to the trial court for it to prepare a written statement of the evidence it relied on in revoking Smith's probation.
We also must remand this cause for the trial court to clarify its revocation order. The order lists case nos. CC-96-1183, CC-96-1280, CC-97-1192, and CC-97-1193, but does not list case no. CC-97-1194. However, the record indicates that the revocation proceedings were related to all five of Smith's convictions. Based on the record before us, we do not know whether the trial court intended to revoke Smith's probation on only four of her convictions as indicated in its order, or whether it intended to revoke Smith's probation on all five of her convictions and, as the result of a clerical error, the order listed only four case numbers instead of five.
Based on the foregoing, we remand this case for the trial court to provide a written statement of the evidence it relied on in revoking Smith's probation, and to clarify whether it intended to revoke Smith's probation for all five of her convictions, or only those four listed on its order of revocation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
* Note from the reporter of decisions: On November 15, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 7, 2003, that court denied rehearing, without opinion. On March 28, 2003, the Supreme Court denied certiorari review, without opinion (1020570).