McMILLAN, Presiding Judge.
On August 7, 2000, the appellant, Anita Staggs King, pleaded guilty to a charge of second-degree possession of a forged instrument and was sentenced to 15 years’ imprisonment. That sentence was split, and she was ordered to serve 14 months and 15 days in confinement and the balance of her sentence on supervised probation.
On January 23, 2004, the trial court held a revocation hearing on charges that King had committed the following violations of the conditions of her probation: (1) she had failed to report to her probation officer; (2) she had failed to pay supervision fees; (3) she had failed to pay court-ordered moneys; and (4) she had committed two new offenses: pedestrian under the influence and resisting arrest. After hearing testimony from the arresting officer and from King’s probation officer, the trial court revoked her probation and further split her sentence, ordering her to serve *397 two years in the custody of the Department of Corrections.
King argues that the trial court’s revocation order is insufficient because, she argues, it does not adequately state the evidence relied on and the reasons for revocation.
The general rules of preservation apply in revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This Court has recognized the following exceptions to those general rules: (1) the requirement of an adequate order of revocation, and (2) the requirement that a revocation hearing actually be held. Id. This Court has also held that an appellant can argue for the first time on appeal the trial court’s failure to inform him of his right to request counsel for probation-revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App.2000).
King’s revocation order contains the following findings:
“Following a hearing on the matter it is the finding of the Court that Defendant’s probation is due to be revoked on the following grounds: probable cause to believe defendant continues to use alcohol; violation of technical rules of probation.”
This Court is bound by the Alabama Supreme Court’s holding in Wyatt v. State, 608 So.2d 761 (Ala.Crim.App.1992), which requires the revocation order to contain “[a] written statement setting forth the evidence relied upon and the reasons for revoking probation.” Here, the revocation order states the reasons for revocation, but not the evidence relied on. This matter is therefore remanded to the Franklin Circuit Court for that court to issue a sufficient order of revocation. Due return shall be made to this Court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

 Note from the reporter of decisions: On August 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.