On May 5, 2005, the appellant, Regan Scott Kenney, pled guilty to one count of first-degree receiving stolen property, eight counts of first-degree theft of property, one count of second-degree theft of property, one count of third-degree theft of property, and two counts of third-degree burglary. The trial court sentenced him to serve concurrent terms of seven years in prison on each of the first-degree receiving stolen property, first-degree theft of property, second-degree theft of property, and third-degree burglary convictions and a term of 365 days at hard labor on the third-degree theft of property conviction. It then suspended the sentences and placed him on supervised probation for five years.[1] On November 3, 2005, the circuit court conducted a hearing *Page 194 
and revoked the appellant's probation. This appeal followed.
 I.
The appellant argues that the circuit court did not conduct an adequate revocation hearing. Specifically, he contends that he was not afforded "the opportunity to testify and present witnesses and other evidence on his behalf and to cross-examine adverse witnesses." (Appellant's brief at p. 12.) However, the record indicates that the circuit court conducted a hearing on November 3, 2005; that the appellant was represented by counsel; that the appellant admitted that he had refused to take a drug test and that he had been charged with a new offense; and that the circuit court allowed the appellant to present his reasons for refusing to take the drug test. The appellant did not request an opportunity to present witnesses or any other type of evidence. Also, because the State did not present any witnesses during the hearing, the appellant was not denied the opportunity to cross-examine witnesses against him. Therefore, the appellant's argument is without merit.
 II.
The appellant also argues that he did not receive written notice of the alleged probation violations and that the State did not disclose the evidence it had against him. However, he did not present these arguments to the circuit court. Therefore, they are not properly before this court. See Puckett v.State, 680 So.2d 980 (Ala.Crim.App. 1996) (holding that the general rules of preservation apply in probation revocation proceedings).
 III.
Finally, the appellant argues that the circuit court did not enter a written order in which it stated the evidence upon which it relied and its reasons for revoking his probation.
 "It follows that the requirement of Wyatt [v. State, 608 So.2d 762 (Ala. 1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that `oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.' [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir.1994)].
 "We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of Wyatt `will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons. Thus, the requirements of Wyatt are fully applicable to the trial *Page 195 
court's order of revocation where the record fails to comply with Rule 27.6(f)."
McCoo v. State, 921 So.2d 450, 462-63 (Ala. 2005) (emphasis added).
In its written revocation order in this case, the circuit court stated:
 "The Defendant was brought before the Court on the 3rd day of November, 2005, it is hereby ORDERED that the Defendant's probation is revoked and the Defendant ORDERED to serve the remainder of the sentence previously imposed in this proceeding."
(C.R. 10.) The entire revocation hearing consisted of the following:
 "THE COURT: CC-05-589, 590, 594, 596, 620, 622 through 629. State vs. Regan Kenney. Mr. Kenney, did you refuse a drug screen at the jail?
 "THE DEFENDANT: Yes, sir, I did.
 "THE COURT: Probation is revoked.
 "[DEFENSE COUNSEL]: Judge, I think he has an explanation for that.
 "THE COURT: Explain away.
 "THE DEFENDANT: I was told not to give any drug screens to anybody but Wayne Hester or Carol Hays. If they would have came up there, I would have been happy to give one.
 "THE COURT: You have been charged with a new offense?
 "THE DEFENDANT: I have been charged with receiving stolen property, yes, sir.
 "THE COURT: Probation is revoked.
 "(Proceeding concluded.)"
(R. 2.)
The sparse record in this case does not clearly and unambiguously set forth the circuit court's reasons for revoking the appellant's probation or the evidence upon which it relied in revoking the appellant's probation. Accordingly, we remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant's probation. We caution the court that
 "`"[a] `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation."' Clayton v. State, 669 So.2d 220, 221
(Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App. 1994). `Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.' Wade v. State, 652 So.2d 335, 336 (Ala.Crim.App. 1994)."
Hunter v: State, 782 So.2d 845, 846
(Ala.Crim.App. 2000) (footnote omitted). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] We note that the five-year period of probation for the third-degree theft of property conviction exceeds the two-year maximum period of probation for a misdemeanor. See
§ 15-22-54(a), Ala. Code 1975. However, because the circuit court revoked the appellant's probation and reinstated the original sentences, the issue of whether the probationary period the circuit court imposed exceeded the maximum in that case is moot.
* Note from the reporter of decisions: On August 11, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 882