In August 2005, Cornelius Dewan Garlington was convicted of possession of cocaine, distribution of a controlled substance, and obstruction of justice. He was sentenced to 20 years' imprisonment for the drug-related convictions and to 2 years' imprisonment for the obstruction conviction, all three sentences to run concurrently. The sentences were suspended, and he was placed on two years' probation.
In 2006, after a probation-revocation hearing, the trial court revoked Garlington's probation, stating only, both orally on the record and in a written order, "Probation is revoked." Garlington appealed, and the Court of Criminal Appeals issued an unpublished memorandum affirming the trial court's revocation order.Garlington v. State (No. CR-06-1066, August 24, 2007), ___ So.2d ___ (Ala.Crim.App. 2007) (table).
Garlington petitioned this Court for certiorari review. We granted his petition to consider whether the Court of Criminal Appeals' decision affirming the revocation of his probation conflicts with this Court's decision in McCoo v. State,921 So.2d 450 (Ala. 2005). See Rule 39(a)(1)(D), Ala. R.App. P. We reverse and remand.
Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, "[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation." In order to meet the requirements *Page 459 
of Rule 27.6(f), as well as those of constitutional due process, it is "the duty of the trial court to take someaffirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons." McCoo, 921 So.2d at 462
(emphasis added). In this case, as the State admits, neither the trial court's oral declaration nor its written order stated the reason for revoking Garlington's probation or the evidence it relied upon in doing so. Consequently, the Court of Criminal Appeals' affirmance of the trial court's probation-revocation order does, as Garlington argues, conflict with McCoo.
Under these circumstances, the appropriate remedy is to "remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant's probation." Kenney v. State, 949 So.2d 192, 195
(Ala.Crim.App. 2006). Consequently, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court to enter an appropriate order remanding the case to the trial court for the entry of such an order.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.