I reluctantly concur with the main opinion's remand of this case for the circuit court to enter a written order that specifically states the evidence upon which the court relied and its reasons for revoking Gerstenschlager's probation, based on the holding of the Alabama Supreme Court in Ex parteGarlington, 998 So.2d 458 (Ala. 2008). However, I write to urge the Supreme Court to revisit its holding in Ex parteGarlington.
This Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala. Code 1975, and "is without authority to overrule the decisions of [that] court." Jones v. City ofHuntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice; we must remand this case to the circuit court to enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking Gerstenschlager's probation. I do not think remand should be required when this Court can readily determine from the record before us the reasons for revocation and the evidence supporting those reasons. Remanding this case for a written order does nothing more than waste already scarce judicial resources. The Supreme Court should revisit its holding in Ex parteGarlington at its earliest convenience and modify the holding of that case. *Page 594