On June 22, 2007, the appellant, Toni Janette Washington, pled guilty to second-degree unlawful possession of a controlled substance. The trial court sentenced her to serve a term of three years in prison, but suspended the sentence and ordered her to serve two years on probation. On August 7, 2007, Washington's probation officer filed a "Supervisor's Report on Delinquent Probationer." After conducting a revocation hearing, the circuit court revoked Washington's probation. This appeal followed.
Washington argues that the circuit court did not enter a written order in which it stated the evidence upon which it *Page 709 
relied and its reasons for revoking her probation.
 "It follows that the requirement of Wyatt [v. State, 608 So.2d 762 (Ala. 1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that `oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.' [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir. 1994)].
 "We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of Wyatt will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and, the evidence that supported those reasons. Thus, the requirements of Wyatt are fully applicable to the trial court's order of revocation where the record fails to comply with Rule 27.6(f)."
McCoo v. State, 921 So.2d 450, 462-63 (Ala. 2005) (emphasis added).
 "In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is `the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.' McCoo, 921 So.2d at 462 (emphasis added)."
Ex parte Garlington, 998 So.2d 458, 458-459
(Ala. 2008).
In its preprinted written revocation order, the circuit court stated:
 "Defendant DENIES the alleged violation(s) of the rules of probation/work release. Upon consideration of the evidence presented by the State at the Defendant's probation hearing (see below) the Court finds that the Defendant violated the rules of probation/work release: specifically, failure to:
 "pay ct ordered monies
 "refrain from violating State/local/fed law: carrying concealed weapon."
(C.R. 11.)
The circuit court did not include in either its written revocation order or the transcript of the revocation proceedings an affirmative statement that adequately set forth the evidence upon which it relied and its reasons for revoking Washington's probation. In fact, it appears that there may be inconsistencies between the transcript of the revocation proceedings and the written revocation order as to the circuit court's reasons for revoking Washington's probation. Accordingly, we must remand this case to the circuit court with instructions *Page 710 
that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking Washington's probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion.[1]
REMANDED WITH INSTRUCTIONS.*
WELCH, WINDOM, and KELLUM, JJ., concur.
[1] Because of our disposition of this case, we pretermit discussion of any remaining claims Washington raises in her brief to this court.
* Note from the reporter of decisions: On May 2, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1104