WISE, Presiding Judge.
 

 On September 26, 2007, the appellant, Audrey Williams, pled guilty to obstruction of justice. The trial court sentenced her to serve a term of one year and one day, but suspended the sentence and placed her on probation for three years. On October 29, 2007, Williams’s probation officer filed an “Officer’s Report on Delinquent Probationer.” After conducting a hearing, the circuit court revoked her probation. This appeal followed.
 

 Williams argues that the circuit court did not enter a written order in which it stated the evidence upon which it relied and its reasons for revoking her probation.
 

 “It follows that the requirement of
 
 Wyatt [v. State,
 
 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P„] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [United States v.] Copeland,
 
 20 F.3d [412,] 414 [ (11th Cir.1994) ].
 

 “We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.
 
 The requirements of Wyatt will still be fully
 
 
 *485
 

 applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons.
 
 Thus, the requirements of
 
 Wyatt
 
 are fully applicable to the trial court’s order of revocation where the record fails to comply with Rule 27.6(f).”
 

 McCoo v. State,
 
 921 So.2d 450, 462-63 (Ala.2005) (emphasis added).
 

 “In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’
 
 McCoo,
 
 921 So.2d at 462 (emphasis added).”
 

 Ex parte Garlington,
 
 998 So.2d 458, 458-459 (Ala.2008).
 

 During the revocation hearing and in its written order on the case action summary sheet, the circuit court merely stated, “Probation is revoked.” (C.R. 1, 9; R. 6.) Neither of those included an affirmative statement that adequately set forth the evidence upon which the circuit court relied and its reasons for revoking Williams’s probation. Accordingly, we must remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking Williams’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion.
 
 [1]
 

 REMANDED WITH INSTRUCTIONS.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . Because of our disposition of this case, we pretermit discussion of any remaining claims Williams raises in her brief to this court.