KELLUM, Judge.
 

 The appellant, Jeffry Earl Boles, appeals from the circuit court’s revocation of his probation. The record indicates that on September 8, 2006, Boles was convicted of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975. He was sentenced to 10 years’ imprisonment; the court suspended his sentence and placed him on supervised probation.
 

 While on probation, Boles was arrested on new charges of attempting to elude police, reckless endangerment, unlawful possession of a controlled substance, and violating prohibition laws. On March 22, 2007, the circuit court entered an order of delinquency and ordered that Boles be committed to the county jail pending a hearing on his delinquency. On June 14, 2007, the State moved to revoke Boles’s probation. Following a jury trial on the new charges, Boles was found guilty of violating prohibition laws and attempting to elude police; he was acquitted on the remaining charges. Before the circuit court could conduct a delinquency hearing, Boles was arrested on a new charge of unlawful possession of a controlled substance. On June 6, 2008, the State filed a second motion to revoke Boles’s probation based on his criminal convictions, his new charge of unlawful possession of a controlled substance, and his alleged association with drug users and drug dealers.
 

 The circuit court conducted a probation-revocation hearing on June 13, 2008, and again on September 5, 2008. On September 10, 2008, the circuit court entered an order revoking Boles’s probation. That order stated, in its entirety:
 

 “THIS CASE is before the Court on the State’s Motion to Revoke the Defendant’s probation. According to the Probation Officer’s report, the Defendant is in violation of the terms of his probation by having tested positive to drugs on a drug screen and by failing to avoid persons or places of harmful conduct or character. Accordingly, his probation is revoked, and he is ORDERED to serve the sentence previously imposed in the custody of the Commissioner of the Department of Corrections.”
 

 This appeal followed.
 

 On appeal, Boles contends that the circuit court’s revocation of his probation should be reversed because, (1) the State he says, failed to present sufficient evidence to reasonably satisfy the circuit court that Boles violated the terms of his probation, and (2) the circuit court’s order revoking his probation was deficient because, he says, it did not contain a statement of the specific evidence the court relied on in revoking his probation.
 

 The record establishes that on June 5, 2008, Eric Stallings, a member of the Drug Task Force in the Fourth Judicial Circuit, executed a search warrant on Boles’s residence. Stallings testified that before obtaining the search warrant, he or one of his coworkers had, on three separate occasions over the course of two
 
 *609
 
 weeks, made controlled buys of crack cocaine out of Boles’s residence. According to Stallings, Boles, Boles’s wife, and Boles’s daughter were present in the residence when the drugs were purchased. Stallings testified that during a search of Boles’s residence, $2,500 in currency — $80 of which was the “buy money” — was discovered in the residence. Stallings testified that among the currency found in a basket in the hallway that Boles claimed belonged solely to him was $40 of “buy money.” Stallings testified that during the search of the residence, he also discovered a small bag of crack cocaine on top of the dresser in Boles and his wife’s bedroom. According to Stallings, some pieces of crack cocaine were also loose on top of the dresser.
 

 Boles’s wife and daughter were charged with unlawfully distributing a controlled substance. Boles denied any knowledge of his wife or daughter’s selling drugs out of the residence he shared with them. When asked about his presence during the sale of drugs out of the residence, Boles testified that he had not seen anyone come in his house to purchase drugs. The record indicates that the trial judge did not believe Boles’s statements.
 

 Nathan Bridges, Boles’s supervising probation officer, testified that it is a violation of Boles’s probation to be in the vicinity of or around individuals who are involved in drugs.
 

 Contrary to Boles’s assertion on appeal, the evidence presented at the probation-revocation hearing was sufficient to support the revocation of Boles’s probation. The evidence established that crack cocaine was in plain view in the bedroom Boles shared with his wife. Further, Boles, in violation of the terms of his probation, lived in the same house as his wife and daughter, who were both arrested for unlawfully distributing a controlled substance. See
 
 Heyward v. State,
 
 583 So.2d 1352 (Ala.Crim.App.1991). Accordingly, we affirm as to this issue.
 

 Regarding the adequacy of the circuit court’s order revoking Boles’s probation, Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.” In
 
 McCoo v. State,
 
 921 So.2d 450 (Ala.2005), the Alabama Supreme Court held that this court could
 

 “examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [
 
 v.
 
 Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [U.S.
 
 v.]
 
 Copeland,
 
 20 F.3d [412, 414 (11th Cir.1994) ].”
 

 McCoo,
 
 921 So.2d at 462. The Court, however, noted that its holding did not “diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.”
 
 McCoo,
 
 921 So.2d at 462.
 

 In the instant case, the circuit court’s order states the reasons it is revoking Boles’s probation. However, the circuit court’s probation-revocation order does not include a statement of the specific evidence the court relied on in revoking Boles’s probation. Further, the transcript of the probation-revocation hearing does not contain a statement by the trial judge regarding the evidence he relied upon and the reasons for revoking Boles’s probation.
 
 *610
 
 Thus, the order was insufficient to comply with Rule 27.6(f), Ala. R.Crim. P.
 
 See Ex parte Garlington,
 
 998 So.2d 458 (Ala.2008).
 

 Although the transcript of the probation-revocation hearing clearly established that the State presented sufficient evidence from which the court could be reasonably satisfied that Boles had violated the conditions of his probation and remand is not in the interest of judicial economy, we nevertheless have no choice but to remand this case for a new revocation order. See
 
 Smith v. State,
 
 857 So.2d 838 (Ala.Crim.App.2002)(remanding case because probation-revocation order properly stated reasons for revoking probation but failed to state the evidence relied on in revoking probation).
 

 Based on the foregoing, we remand this cause for the circuit court to enter a new order reflecting the specific evidence relied upon in revoking Boles’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.
 

 *
 

 Note from the reporter of decisions: On May 22, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 5, 2009, that court denied rehearing, without opinion. On September 11, 2009, the Supreme Court denied certiorari review, without opinion (1081178).