KELLUM, Judge.
Johnny M. Williams appeals from the circuit court’s revocation of his probation. The record indicates that in October 2011, Williams pleaded guilty to two counts of robbery in the second degree. The circuit court sentenced Williams to 10 years’ imprisonment; however, the court suspended that sentence and placed Williams on 3 years’ supervised probation.
While on probation, Williams violated the terms and conditions of his probation. Although the record does not contain a copy of the delinquency report or otherwise indicate what specific conditions of his probation Williams violated, the evidence presented at the probation-revocation hearing indicates that Williams was arrested and charged with theft of property, escape in the third degree, disorderly conduct, and assault following an altercation with police officers outside his girlfriend’s apartment. At the conclusion of the probation-revocation hearing, the circuit court revoked Williams’s probation and in open court stated as follows:
“All right. Mr. Williams’ probation is revoked. I have dealt with him and given him chance after chance after chance. He got a huge break before, and he keeps getting in trouble.
“If he would comply with what the officers had told him to do instead of running, we might be in a different situation. But he had one handcuff on him and ran. I’m not going to tolerate people going out there and spitting on police, fighting with them. That’s not going to happen.”
(R. 16-17.)
The circuit court then entered an order revoking Williams’s probation. That order stated, in pertinent part:
*344 “The Court finds that the defendant has failed to comply with the terms of his/ her probation. Based upon all matters presented, it is ORDERED that the Defendant’s probation is REVOKED and the defendant shall begin serving his/her sentence to run concurrent with any other sentences he/she may be serving.”
(C. 3.) This appeal followed.
Williams’s sole contention on appeal is that the circuit court erred when it revoked his probation without adequately stating in the transcript or by written order its reasons for revoking his probation and the evidence upon which it relied to revoke his probation.
Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.” In McCoo v. State, 921 So.2d 450, 462 (Ala.2005), the Alabama Supreme Court relaxed the requirements of a written probation-revocation order and this court’s review of that' order:
“[T]he requirement of Wyatt [v. State, 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’ [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir.1994) ].”
In Ex parte Garlington, 998 So.2d 458 (Ala.2008), the Alabama Supreme Court reiterated the importance of its holding in McCoo, stating:
“In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’ McCoo [v. State], 921 So.2d [450,] 462 [ (Ala.2005) ] (emphasis added).”
Garlington, 998 So.2d at 458-59 (Ala.2008).
In the instant case, the record contains no delinquency report stating the terms and conditions of probation Williams violated. Further, the transcript of the probation-revocation hearing contains no statement by the circuit court regarding Williams’s alleged violations. Instead, the only indication of Williams’s alleged violations is found in the testimony of a police officer at the probation-revocation hearing who testified that Williams was charged with theft of property, escape in the third degree, disorderly conduct, and assault. At the conclusion of the hearing, the circuit court made no specific reference to which of the charges it found Williams violated before revoking Williams’s probation. Instead, the circuit court referenced past conduct on the part of Williams that is not supported by the record in addition to Williams’s failure to comply with the direct orders of the police officers and his conduct toward those officers. The circuit court’s oral findings fail to “create a record sufficiently complete to advise the parties *345 and the reviewing court of the reasons for the revocation of [probation] and the evidence the decision maker relied upon.” McCoo, 921 So.2d at 462.
Under these circumstances, the appropriate remedy is to “remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant’s probation.” Kenney v. State, 949 So.2d 192, 195 (Ala.Crim.App.2006). Accordingly, we remand this cause for the circuit court to enter a new order stating its reasons for revoking Williams’s probation and the specific evidence relied upon in revoking probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and WELCH and BURKE, JJ., concur. JOINER, J., dissents, with opinion.

 Note from the reporter of decisions: On June 28, 2013, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On August 23, 2013, that court denied rehearing.