JOINER, Judge,
dissenting.
I respectfully dissent. I conclude that the circuit court’s “written statement and its statement for the record, read in the context of that record unmistakenly declare the evidence relied upon and its reason or reasons for revoking probation.” McCoo v. State, 921 So.2d 450, 462 (Ala.2005). Furthermore, I conclude that a claim challenging the sufficiency of an order revoking probation is subject to review for harmless error, and, even if the circuit court’s order were insufficient here, I would hold that the error is harmless.
At Williams’s probation-revocation hearing, the State presented the testimony of two police officers employed with the Tuskegee Police Department. The officers collectively testified that they encountered Williams when they responded to a domestic dispute at a residence, that Williams was given the opportunity to leave, that Williams became belligerent once he left the residence, that he was warned by the officers that he was being disorderly, and that, once officers attempted to arrest Williams, Williams struggled with the police, spit on the police, and, despite being handcuffed, escaped from officers. Notably, there was no other evidence offered at the hearing.
At the conclusion of the hearing, the circuit court stated:
“THE COURT: All right. Mr. Williams’s probation is revoked. I have dealt with him and given him chance after chance after chance. He got a huge break before, and he keeps getting in trouble.
“If he would comply with what the officers had told him to do instead of running, we might be in a different situation. But he had one handcuff on him and ran. I’m not going to tolerate people going out there spitting at police, fighting with them. That’s not going to happen.”
(R. 16-17.) The circuit court also entered a written order, which states, in part, as follows:
“The Court finds that the defendant has failed to comply with the terms of his/her probation. Based on all matters presented, it is ORDERED that the defendant’s probation be REVOKED and the defendant shall begin serving his/her *346 sentence to run concurrent with any other sentence he/she may be serving.”
(C. 3.)
Initially, an attorney representing Williams on appeal filed a no-merit brief with this Court in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and moved to withdraw as Williams’s appellate counsel. Upon a review of the record in this matter, this Court granted the motion to withdraw but appointed new appellate counsel for Williams and ordered Williams’s new counsel to address the following issue:
“Whether the circuit court’s ... order revoking Williams’s probation complied with Rule 27.6, Ala. R.Crim. P.; specifically, [whether] the circuit court [took] some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence to support those reasons.”
After recognizing this issue and ordering briefing on it, this Court now remands this cause on the basis that
“[t]he circuit court’s oral findings fail to ‘create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of [probation] and the evidence the decision maker relied upon.’ ”
138 So.3d at 344-45 (quoting McCoo, 921 So.2d at 462).
I.
First, I conclude that the circuit court’s order is sufficient.[1] As the Alabama Supreme Court stated in McCoo, the circuit court is required “by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.” 921 So.2d at 462. The circuit court’s oral probation-revocation pronouncement references the testimony of the two officers — the only evidence presented at the hearing — in support of its decision and, further, recognizes that Williams’s interaction with the officers was the basis of its decision. See R. 16-17 (“If he would comply with what the officers had told him to do instead of running, we might be in a different situation. But he had one handcuff on him and ran. I’m not going to tolerate people going out there spitting at police, fighting with them. That’s not going to happen.”). Accordingly, I conclude that the circuit court’s oral pronouncement sufficiently “statefs] [the circuit court’s] reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.” McCoo, supra.
Second, even if the circuit court’s oral pronouncement is insufficient, a remand is still not mandated. In McCoo, the Alabama Supreme Court stated:
“The record available to the Court of Criminal Appeals in this case consists essentially of the following: the probation officer’s delinquency report charging a single violation of probation, by virtue of the alleged commission of the new offense of robbery in the first degree; the trial court’s December 9, 2003, entry on the case action summary sheet memorializing McCoo’s appearance before the court for a ‘delinquency hearing’ and the fact that he had been advised that he was charged with violating his *347 probation by committing the new offense of robbery in the first degree; the five and one-half page transcript of the revocation hearing, at which Det. Favor was the only witness; and the trial court’s written probation-revocation order. We believe the Court of Criminal Appeals should have the discretion to review such a minimal and unambiguous record to determine if the trial court’s unit-ten statement and its statement for the record, read in the context of that record, unmistakenly declare the evidence relied upon and its reason or reasons for revoking probation.”
McCoo, 921 So.2d at 462 (emphasis added). Thus, to resolve a claim challenging the sufficiency of an order revoking probation, we determine whether there is “a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.” McCoo, 921 So.2d at 462 (quotations omitted).
According to the circuit court’s written order, the revocation was based on “all matters presented.” As noted, the only evidence presented at the hearing was the testimony of the police officers.[2] Likewise, the circuit court’s oral pronouncement of revocation explicitly references the testimony of the two officers; further, the oral pronouncement states that the revocation was a result of Williams’s interaction with the police and that the outcome of the probation-revocation hearing may have been different if Williams had complied with the police instead of running. The record in this case — like the one in McCoo — is minimal and unambiguous; likewise, the circuit court’s pronouncement and written order are sufficient to apprise the parties and this Court of the reasons for revocation and the evidence relied upon by the circuit court.
In Ex parte Garlington, 998 So.2d 458, 458 (Ala.2008), the Alabama Supreme Court held as insufficient oral and written probation-revocation orders that stated only “Probation is revoked.” Similarly, this Court in Rhodes v. State, 32 So.3d 53, 58 (Ala.Crim.App.2009), held that a probation-revocation order — stating only “probation is revoked” — was insufficient. In those cases — unlike McCoo and this case— the circuit court’s order was bare and there was no basis from which this Court could discern the reason for the circuit court’s decision.
In my opinion, the Court’s decision today is based on an overly broad reading of Ex parte Garlington that unnecessarily erodes the discretion McCoo recognized that this Court has to determine whether there is “a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of [probation] and the evidence the decision maker relied upon.” 921 So.2d at 462. I question the legal necessity — as well as the practicality — of replacing that discretion with a rule that essentially requires a remand as a mere formality in probation-revocation cases.[3]
*348 II.
I conclude that a claim challenging the sufficiency of an order revoking probation is subject to review for harmless error, Rule 45, Ala. R.App. P., and, even if the circuit court’s order were insufficient here, I would hold that the error is harmless.
A sufficiency-of-the-order claim is among four claims that are not bound by the general rules of preservation and thus may be raised for the first time on appeal. See Saffold v. State, 77 So.3d 178, 179 (Ala.Crim.App.2011) (noting that there are four probation-revocation claims that are not bound by the general rules of preservation: a claim that there was no adequate written order, a claim that a revocation hearing was not actually held, a claim that the circuit court did not advise a probation-revocation defendant of his or her right to request an attorney, and a claim that the circuit court erred in failing to appoint counsel). This Court has not held, however, that these four claims are not subject to harmless-error analysis; indeed, this Court has applied a harmless-error analysis to at least two of these four claims. See Dean v. State, 57 So.3d 169 (Ala.2010) (holding that the circuit court’s failure to appoint counsel at a probation-revocation hearing is subject to harmless-error analysis); Davis v. State, 855 So.2d 1142 (Ala.Crim.App.2003) (holding that a circuit court’s failure to advise a probation-revocation defendant of his right to counsel was subject to harmless-error analysis).
In Hodges v. State, 912 So.2d 302 (Ala.Crim.App.2005), then Judge Shaw — joined by then Judge Wise[4] — argued that an in *349 sufficient probation-revocation order is subject. to harmless-error analysis. In Hodges, then Judge Shaw wrote:
“In this case, Earnest Hodges was charged with violating his probation by engaging in injurious or vicious habits and criminal activity, the basis of the charge being that Hodges committed the criminal offense of domestic violence for assaulting Joshua Gates, with whom Hodges and a woman identified as ‘Ms. Goodin’ were living. Hodges was provided a revocation hearing in accordance with Rule 27.6(a), Ala. R.Crim. P., during which he was represented by counsel and testified on his own behalf; the evidence presented at the revocation hearing fully supports the trial court’s conclusion that Hodges engaged in criminal activity, specifically, that he committed domestic violence. Hodges does not challenge the revocation of his probation on appeal; his only argument concerns the adequacy of the written revocation order. Under these circumstances, it is clear to me that Hodges has not been prejudiced by the defect in the trial court’s written revocation order and that a remand is not necessary.”
912 So.2d at 306 (Shaw, J., dissenting).
In this case, there is no argument that Williams was not afforded a hearing or that he was deprived of due process; likewise, the evidence presented at the hearing was sufficient.[5] On appeal, Williams argues — at the request of this Court — only that the circuit court’s order was insufficient. Williams does not argue that the circuit court’s order impedes his ability to adequately appeal his case or that this Court’s review is hampered by the circuit court’s order. As then Judge Shaw concluded in Hodges, “[ujnder these circumstances, it is clear to me that [Williams] has not been prejudiced by the defect in the trial court’s written revocation order and that a remand is not necessary.” 912 So.2d at 306.
Accordingly, I dissent.

. As a threshold matter — independent of the order — it is worth noting that Williams was afforded due process. He was arrested pursuant to a probation-revocation arrest warrant, and he was afforded a probation-revocation hearing at which he was represented by counsel, at which the State presented non-hearsay testimony, and at which Williams was allowed to cross-examine the State's witnesses.

. For this reason, this case is distinguishable from Thomas v. State, 10 So.3d 1090, 1093 (Ala.Crim.App.2008), in which this Court concluded that a probation-revocation order— which was "based on the evidence presented at the ... revocation hearing” — was insufficient when the circuit court received testimony from various witnesses presented by both parties.

. Recent decisions of this Court that, in my opinion, reflect an incremental erosion of the discretion recognized in McCoo include Washington v. State, 23 So.3d 708 (Ala.Crim. App.2009), and Boles v. State, 32 So.3d 607 (Ala.Crim.App.2009).
In Washington, the record included a transcript of the probation-revocation proceedings and included the following order:
*348 " 'Defendant DENIES the alleged violation(s) of the rules of probation/work release. Upon consideration of the evidence presented by the State at the Defendant’s probation hearing (see below) the Court finds that the Defendant violated the rules of probation/work release: specifically, failure to:
" ‘pay ct ordered monies
" ‘refrain from violating State/local/fed law: carrying concealed weapon.' "
23 So.3d at 709. Although the order referenced the evidence upon which the circuit court relied — “the State’s evidence” — and referenced the basis for revocation — Washington’s violation of probation and work-release rules — this Court nevertheless remanded the case with instructions that the circuit court "enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking Washington's probation.” 23 So.3d at 709.
In Boles, the record, in addition to a transcript of the probation-revocation proceedings, included an order that stated:
" 'THIS CASE is before the Court on the State’s Motion to Revoke the Defendant's probation. According to the Probation Officer's report, the Defendant is in violation of the terms of his probation by having tested positive to drugs on a drug screen and by failing to avoid persons or places of harmful conduct or character. Accordingly, his probation is revoked, and he is ORDERED to serve the sentence previously imposed in the custody of the Commissioner of the Department of Corrections.' ”
32 So.3d at 608. Although this Court held that "the evidence presented at the probation-revocation hearing was sufficient to support the revocation of Boles’s probation,” this Court nevertheless remanded the matter for the circuit court "to enter a new order reflecting the specific evidence relied upon in revoking Boles's probation.” 32 So.3d at 609-10. In light of this Court's holding that the evidence presented at the probation-revocation hearing was sufficient to support revocation, I question the necessity and utility of remanding the matter for a new order; in my opinion, if the parties in Boles were able to articulate appellate arguments regarding the basis of revocation and this Court was able to conclude that the evidence was sufficient to support revocation, there was "a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of [probation] and the evidence the decision maker relied upon.” McCoo, 921 So.2d at 462 (quotations omitted).

. Judge Shaw and Judge Wise are now Associate Justices on the Alabama Supreme Court.

. The majority seems concerned with the fact that "the circuit court referenced past conduct on the part of Williams that is not supported by the record in addition to Williams’s failure to comply with the direct orders of the police officers and his conduct toward those officers.” Williams, 138 So.3d at 344. This argument speaks to the sufficiency of the evidence supporting the circuit court’s order; that argument, however, is not before this Court. Moreover, the circuit court had discretion to rely on its own records. See generally Hales v. Scott, 473 So.2d 1028, 1029 (Ala. 1985).